HERMÓGENES RÍOS, ETC., Plaintiff and Appellant, *v.* TERESA CHABRIEL, Defendant and Appellee.

No. 7897. Argued March 14, 1939.—Decided April 19, 1939.

L. *Mercader, attorney* for appellant. *A. Reyes Delgado* and *Pedro Santos Borges, attorneys* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff filed a bill of unlawful detainer against the defendant, claiming that he owned a farm of eight cuerdas of land and a two-story house attached, which he had acquired at a public auction held in civil case No. 99 in the District Court of Arecibo. The defendant answered and denied all the facts of the complaint and adduced the following special defenses: that the plaintiff has no right or title over the property in issue; that the title which the defendant claims to possess is not valid because the judgment on which the sale was held, has been appealed from to the Supreme Court; and that the house now extant on the land belongs to her exclusively because she built it with her own money, and is, furthermore, her homestead, where she lives since 1932, and is valued at five hundred dollars. The complaint was dismissed and the plaintiff raised the present appeal.

The transcript of evidence determines as facts and antecedents of the case the following:

By deed dated February 7, 1931, authorized by the District Court, Antonio González borrowed from the four minor children of María Ríos the sum of $600 and to secure payment executed a mortgage over a farm of eight *cuerdas*. González died intestate in October, 1931, and his only heirs were seven natural recognized minor children and his legitimate mother.

The mortgage became due on February 7, 1933, and the Ríos children, represented by their mother María Ríos, filed, on February 20, 1937, civil suit No. 99 before the District Court of Arecibo. In their complaint they requested that the Estate of Antonio González be ordered to pay them $600, interests, costs and fees.

In opposition the defendant heirs alleged that on November 30, 1936, the plaintiffs Francisco and Valeriano Ríos, both of legal age, and María Ríos, in representation of her minor children Hermógenes and María Elena Ríos, executed an agreement in writing and under oath with Ana Teresa Chabriel, natural mother of the Antonio González' minor children. By the terms of that agreement the Heirs of González conveyed to the Ríos brothers a farm of eleven *cuerdas* which they owned, in payment of the mortgage created by their father over the farm of eight *cuerdas*. It was stipulated that María Ríos would take immediate possession of the property transferred in payment of the debt; that the parties would take all necessary steps to obtain from the District Court orders to sanction the agreement, so that each party could acquire title capable of record in the Registry of Property; and that in accordance with said agreement the Ríos plaintiffs took and still have possession of the farm of eleven *cuerdas*. And in cross-complaint the heirs to the González Estate asked that the Heirs of Ríos be compelled to perform the agreement which has been referred to.

By the judgment given in said suit No. 99, the District Court of Arecibo upheld the validity of the referred agreement in so far as Francisco, Valeriano and María Elena, who were 20, 19 and 16 years old, respectively, at the time they accepted the conveyance in payment of the mortgage, because it concluded that "although contracts executed on behalf of minors without permission of the Court are regarded as inexistent for lack of consent, this rule does not apply to contracts executed by minors near legal age, which, if they may be annulled on account of lesion or other legal reason, are not

absolutely null and void''; and because said minors ''accepted the *dation en paiement* when they had enough age and capacity to realize that they were collecting the shares due to each one on the mortgage, with the respective benefits that the acquisition of the farms gave to them.'' As to the minor child, Hermógenes Ríos, who was only eight years old at the time of the agreement, the Court regarded that his situation at law was different on account of his tender age; that the acts of the mother, not being previously authorized by Court, were absolutely null and void; and that said minor could ignore the agreement and collect the mortgage as if the conveyance of property had not been executed. And in accordance with the foregoing conclusions, the Court dismissed the complaint as to the plaintiffs Francisco, Valeriano, and María Elena Ríos, without prejudice of their right to file another action and found judgment for the minor child Hermógenes Ríos, ''ordering the defendant party to pay to said plaintiff for his equity in the mortgage debt which is the object of the complaint, the sum of One Hundred and Fifty Dollars, with interest, etc.'' The cross-complaint was dismissed.

The above referred judgment was delivered on May 20, 1937. The parties were notified on the 21st and the return filed the 22nd of the same month. On June 18, 1937, the plaintiffs moved for reconsideration of the judgment, which was denied on the 21st of the same month and year. On June 23, 1937, the defendants appealed to this Supreme Court and on the 29th of the same month moved that the stenographer be ordered to prepare the transcript of evidence. On July 6, 1937, the Court denied the motion, on the ground that the notice of appeal was filed after the term for doing so had expired. From the record now before us it does not appear that the defendants and appellants made any other effort to perfect their appeal.

On November 18, 1937, the minor Hermógenes Ríos, assisted by his mother, asked for and obtained a writ of execu-

tion to enforce the judgment given in his favor. On January 20, 1938, the farm of eight *cuerdas* subject to the mortgage and another farm of two *cuerdas* were sold, and the former was adjudged to the plaintiff for a sum of $100. On that same date the marshal executed a public deed in favor of Hermógenes Ríos, the plaintiff appellant, conveying and adjudging to said minor "all the rights, participations, equities, claims or joint-ownerships in the described estates, in the property 'A' of eight *cuerdas* mortgaged for one hundred dollars, etc." In the notices published before the sale the marshal gave notice that on the date set thereon he would sell at public auction, to enforce the judgment given in favor of Hermógenes Ríos, "whatever right, claim, equity or participation may belong to the defendants in the mortgaged property marked letter 'A' ", which is the same involved in the present proceedings for unlawful detainer.

The appealed judgment seems to be in direct opposition and inconsistent with that delivered in the preceding suit No. 99, because if Hermógenes Ríos acquired by the former every title, right or equity that the Heirs of Antonio González had in the property of eight *cuerdas,* the title conveyed by the marshal is and must be legally sufficient to maintain the action of unlawful detainer against the former owners. The error of law which the Court apparently committed is a result of the mistaken appreciation of the conveyance in payment of the mortgage made by the trial judge. He thought, mistakenly, that the property surrendered in payment of the mortgage by the González Heirs to the Ríos children was the same farm of eight *cuerdas* subject to the mortgage, and which was later executed by Hermógenes Ríos, when in fact, as shown by the agreement which appears in the record, the property surrendered in payment was one of eleven *cuerdas,* entirely separate and distinct from the one mortgaged. It was this error, undoubtedly, which induced the lower court to dismiss the complaint in unlawful detainer,

because it considered that "this creates a conflict of title with his own brothers, who were not notified of the execution". The supposed conflict does not exist. The interest of the brothers of the plaintiff in the mortgaged property, which was the one of eight *cuerdas,* ceased from the moment they accepted the one of eleven *cuerdas* in payment of their account with the Estate of González.

In support of the appealed judgment the appellee maintains that the title shown by the plaintiff-appellant is not valid because it was obtained and the auction held before the judgment was final, inasmuch as it had been appealed to this Supreme Court.

The appeal filed by the defendants on June 23, 1937, stayed the judgment rendered on May 20 of the same year, which could not be legally executed during the time that said proceedings were pending. Section 297 of the Code of Civil Procedure. It is the Supreme Court and not the District Court which has faculty and jurisdiction to decide whether an appeal has been properly filed and within the proper time. *Rivera* v. *Martínez,* 27 P.R.R. 439.

Since it does not appear from the record that the appeal filed by the Heirs of Antonio González has been dismissed by this Supreme Court, we must decide that the writ for the execution of the appealed judgment, the auction held by virtue of that writ, the adjudgment of the property to the plaintiff and the title conveyed to the latter by the marshal are null and void, and therefore insufficient to transfer to the plaintiff the title of ownership or right of possession necessary in law to sue in unlawful detainer for the ejection of the defendant.

For the stated reasons the judgment appealed from should be affirmed.